IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-11-712-M |
| ) | |
| GOVERNMENT EMPLOYEES ) | |
| INSURANCE CO., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is defendant's Objection to Plaintiff's Belated Request for Jury Trial, filed August 30, 2011. On October 13, 2011, plaintiff filed his Response to Defendant's Objection to Plaintiff's Request for Jury Trial and Rule 39 Motion for Jury Trial, and on October 20, 2011, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

On May 20, 2011, plaintiff filed the instant action in the District Court of Oklahoma County, State of Oklahoma. On May 31, 2011, defendant was served, and on June 22, 2011, defendant removed this action to this Court. Prior to the removal, plaintiff did not make any demand for jury trial. On August 23, 2011, in the parties' Joint Status Report and Discovery Plan, plaintiff, for the first time, made a jury demand in this case.

Defendant objects to plaintiff's jury demand and requests the Court to enter this case on the Court's non-jury docket. Specifically, defendant asserts that plaintiff was required pursuant to Federal Rule of Civil Procedure 81(c)(3) to demand a jury trial within fourteen days after the removal of this case to this Court and that because plaintiff did not file his jury demand timely, plaintiff has waived his right to a jury trial in this case.

Plaintiff contends that he was not required to make a jury demand pursuant to Rule 81 and there is nothing untimely about the jury request contained in the parties' Joint Status Report and Discovery Plan. Alternatively, plaintiff moves, pursuant to Federal Rule of Civil Procedure 39(b), for a jury trial if this Court determines that plaintiff was required to make a jury demand and failed to do so in a timely manner.

Rule 39(b) provides:

> **(b) When No Demand Is Made.** Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded.

Fed. R. Civ. P. 39(b). "[A]bsent strong and compelling reasons to the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury trial." *Nissan Motor Corp. v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1992).

Assuming, without deciding, that plaintiff was required to make a jury demand upon removal of this case, the Court finds, in its discretion, that plaintiff should be granted a jury trial pursuant to Rule 39(b). Upon review of plaintiff's response/motion for jury trial, it appears that plaintiff is asserting that any delay in filing the jury demand was not a product of inadvertence but was because plaintiff believed that a jury demand was not required under Rule 81. Further, the Court finds that plaintiff raised the issue of trial by jury early in this case and that this matter was discussed at the status conference, with the Court directing plaintiff to file a brief in response to defendant's objection. The Court finds that this case is clearly one which is typically tried to a jury, and one that is well suited to be tried by a jury. Finally, the Court finds defendant will not be prejudiced if plaintiff's motion for jury trial is granted.

Accordingly, the Court OVERRULES defendant's Objection to Plaintiff's Belated Request for Jury Trial [docket no. 18] and GRANTS plaintiff's Rule 39 Motion for Jury Trial [docket no. 32].

**IT IS SO ORDERED this 25th day of October, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE